IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lorenzo B. Dickerson, | ) Civil Action No. 0:04-797-MJP-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Gallant Place Apartments, LLC, | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

Plaintiff, Lorenzo B. Dickerson ("Dickerson"), alleges that he was terminated by his former employer, Gallant Place Apartments, LLC ("Gallant"), because of his race in violation of Title VII, § 1981, and § 1983.[1] Gallant filed a motion for partial summary judgment on June 2, 2004, an amended motion for partial summary judgment on November 19, 2004, and a motion for summary judgment on June 3, 2005. These motions are supported by an affidavit of Broadas L. Thomasson, Sr. ("Thomasson Aff. ___"), Plaintiff's Rule 26.03 Interrogatories, Plaintiff's Response to Defendant's Interrogatories to the Plaintiff, an unsworn statement of Shamona Woods, an unsworn statement of Dickerson, and a copy of a 1995 indictment charging Dickerson with trafficking in crack cocaine. Dickerson filed an opposition memorandum on June 3, 2005, supported by affidavits of Thomas Hope and Tarnesha Ferguson. This case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(g).

In its amended motion for partial summary judgment, Gallant asserts that it is entitled to summary judgment on Dickerson's Title VII claim because it is not an employer for Title VII

---

[1] Dickerson also references the Civil Rights Act of 1866 as jurisdiction for his claims. However, the Civil Rights Act of 1866 is now codified as 42 U.S.C. §§ 1981 and 1983. See Jett v. Dallas Independent School District, 491 U.S. 701 (1989).

purposes and on Dickerson's § 1983 claim because it is not a state actor. Dickerson has not responded to these arguments.

1.  Title VII

Title VII defines an "employer" as having fewer than 15 employees. 42 U.S.C. § 2000e(b). At all relevant times, Gallant has only three employees including Dickerson (Thomasson Aff., ¶ 5). Thus, Gallant is not an employer as defined by Title VII and Dickerson cannot maintain his action under this statute.

2.  § 1983

Title 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Under § 1983, a plaintiff must meet three requirements to bring suit in federal court. He must show that he was deprived of a right guaranteed by the Constitution or laws of the United States, by a "person," who was acting "under color of" state law.

Gallant is a private employer not connected with the State in any fashion. (Thomasson Aff. ¶ 1, Amended Complaint, ¶ 2). Thus, Gallant is exempt from suit under § 1983.

3.  § 1981

Title 42 U.S.C. § 1981 provides:

> (a) Statement of equal rights.
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

2

>contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
>(b) "Make and enforce contracts" defined
>
>For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
>(c) Protection against impairment
>
>The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Plaintiff alleges that he was discharged from his position as a maintenance man due to his race in violation of 42 U.S.C. § 1981. Title VII principles apply to § 1981 claims. Gaskins v. BFI Waste Services, LLC, 375 F.3d 288 (4th Cir. 2004).

This is a disparate treatment case and plaintiff must prove that "but for" his race, he would not have been terminated. Holmes v. Bevilacqua, 794 F.2d 142 (4th Cir. 1986). Plaintiff can prove defendant's motive to discriminate by two methods. First, the "plaintiff may meet this burden under the ordinary standards of proof by direct and indirect evidence relevant to and sufficiently probative of the issue. In the alternative, a plaintiff may resort to the judicially created scheme established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981)." EEOC v. Clay Printing Company, 955 F.2d 936 (4th Cir. 1992).

To overcome a motion for summary judgment, under the ordinary standards of proof, plaintiff is required to "produce direct evidence of a stated purpose to discriminate on the basis of

3

race and/or circumstantial evidence of a stated purpose to discriminate on the basis of race of sufficient probative force to reflect a genuine issue of material fact." Goldberg v. B. Green and Co., Inc., 836 F.2d 845 (4th Cir. 1988). In the absence of direct or indirect proof plaintiff can employ the McDonnell Douglas scheme to establish a prima facie case of discrimination by offering proof that:

    (1)    he is a member of a protected class;

    (2)    he was discharged;

    (3)    he was satisfactorily performing his duties at the time of his discharge; and

    (4)    after his discharge he was replaced by someone outside the protected class.

EEOC v. Clay Printing Co., at 941.

If a plaintiff establishes a prima facie case, a rebuttable presumption is created that the discharge was due to unlawful discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 504 (1993). The defendant must then come forward with a legitimate non-discriminatory explanation for its action. When the defendant does so, the presumption of discrimination evaporates, and plaintiff must prove that the defendants' proffered reason is pretextual and that the discharge was due to unlawful discrimination. Id.

The facts in this case are relatively simple because Dickerson worked for Gallant for only a short period of time. Dickerson is African-American. He was hired on July 28, 2003, as a maintenance man at the apartments operated by Gallant. Part of his compensation was a residence within the apartments. Dickerson was terminated on August 11, 2003. He was replaced by a Caucasian.

On these brief facts, it is uncontradicted that Dickerson has established three of the four elements needed to establish a prima facie case of discrimination. The only element at issue is

4

whether Dickerson was performing his work to Gallant's satisfaction. Curiously, Gallant has not provided a reason for Dickerson's termination. The best evidence on this issue is Dickerson's unsworn statement attached to Gallant's memorandum as Exhibit 5. In that statement, Dickerson states that he was terminated by Thomasson who told him that he was not getting the job done fast enough and that he didn't have the knowledge to perform the work. However, Dickerson disputes this and his statement details the work he did in the several days before his termination.

This record is sparse containing no deposition testimony and little admissible evidence. However, the undersigned finds that in the light most favorable to Dickerson, he has established his prima facie case of discrimination, and Gallant has not proffered any legitimate, non-discriminatory reason for his termination.[2]

## **Conclusion**

Based on a review of the record, it is recommended that Defendant's amended motion for summary judgment and motion for summary judgment be denied as to Plaintiff's § 1981 termination claim and granted in all other respects.

                                      Respectfully submitted,

                                      s/Joseph R. McCrorey
                                      United States Magistrate Judge

August 19, 2005
Columbia, South Carolina

---

[2] The amended complaint alleges that Dickerson "engaged in a protected activity" (Amended Complaint ¶ 9(a)) and that "Defendant took adverse action because of the protected activity." (Amended Complaint, ¶ 9(c)). In his answers to interrogatories, Dickerson states that his protected activity was "being free of racial discrimination against him by his employer." Insofar as Dickerson alleges a claim for retaliation, Gallant is entitled to summary judgment.